**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)   GENEVIEVE BRAECKLEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-16-34-M |
| | ) | |
| (1)   CSAA INSURANCE EXCHANGE, | ) | |
| | ) | |
| (2)   CSAA FIRE & CASUALTY INSURANCE COMPANY a/k/a AAA FIRE & CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Genevieve Braecklein, for her claims against Defendants, CSAA Insurance Exchange ("CSAA Insurance") and CSAA Fire & Casualty Insurance Company a/k/a AAA Fire & Casualty Insurance Company ("AAA") alleges and states as follows:

1. Plaintiff is an individual residing in Adams County, Colorado, and is the owner of the residence located at 6115 East 77th Street, Broken Arrow, Tulsa County, Oklahoma ("Residence").

2. Defendant CSAA Insurance is a foreign corporation incorporated under the laws of the State of California with its principal place of business located in Alameda County, California.

3. Defendant CSAA Insurance is the parent company of AAA and engages in business within the State of Oklahoma.

4. Defendant AAA is a foreign corporation incorporated under the laws of the State of California with its principal place of business located in Alameda County, California and is licensed to sell insurance and/or adjust claims in the State of Oklahoma and to do business throughout the State of Oklahoma.

5. Defendants CSAA Insurance and AAA (collectively "AAA Defendants") operate and are part of a reciprocal or inter-insurance exchange wherein they pool and partner their businesses under a regime of control such that all subsidiaries and affiliated companies can be held liable for bad faith breach of contract.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and cost, and is between citizens of different States.

7. Venue is proper in this Court pursuant to 12 O.S. § 137.

8. Plaintiff entered into a contract of insurance with the AAA Defendants to provide coverage for the Residence, its contents, and personal property and AAA Defendants issued an insurance policy (Policy No. DP3-2758182)("Policy") to the Plaintiff. The Policy was timely renewed each subsequent year, premiums were paid in full by Plaintiff, and the Policy was in effect at all times relevant to this litigation.

9. The AAA Defendants represented to the Plaintiff that they would conduct themselves in accordance with Oklahoma law and would fully and fairly investigate and pay claims. Plaintiff relied on said representations.

10. On or about May 16, 2015, the Residence sustained extensive storm damage to the exterior and interior of the Residence.

11. Plaintiff properly and timely submitted a claim under the Policy for the damage sustained in the aforementioned storm.

## FIRST CAUSE OF ACTION
Breach of Contract

Paragraphs 1 – 11 are incorporated herein by reference.

12. Plaintiff provided proper and timely notice to the AAA Defendants of her claim arising from the storm that occurred on or about May 16, 2015.

13. Plaintiff has, in all material ways, complied with the terms and conditions of the Policy.

14. The AAA Defendants have breached their contractual obligations to Plaintiff under the Policy by failing to pay Plaintiff all benefits to which she is entitled under the terms and conditions of the Policy.

15. As a result of the AAA Defendants' breach of contract and other wrongful conduct, Plaintiff has sustained damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of attorney fees, cost and interest.

## SECOND CAUSE OF ACTION
Bad Faith

Paragraphs 1 – 15 are incorporated herein by reference.

16. The AAA Defendants owed a duty to Plaintiff to deal fairly and in good faith.

17. The AAA Defendants breached their duty to deal fairly and in good faith with Plaintiff, including without limitation by engaging in the following acts and omissions:

3

a.  failing to pay the full and fair amount for the property damage sustained by the Residence as a result the storm that occurred on or about May 16, 2015, in accordance with the terms and conditions of the Policy;

b.  failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of the Policy, thereby unfairly and without valid basis, reducing the fair amount of Plaintiff's claim;

c.  purposefully, wrongfully, and repeatedly withholding pertinent benefits, coverages, and other provisions due Plaintiff under the terms and conditions of the Policy in violation of the Unfair Claims Settlement Practices Act, 36 O.S. §§ 1250.1 – 1250.16;

d.  purposefully, wrongfully, and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claims;

e.  forcing Plaintiff to retain counsel to recover insurance benefits to which she was entitled under the terms and conditions of the Policy;

f.  failing to conduct a fair and objective investigation of the damages sustained by the Residence;

g.  intentionally engaging in outcome-oriented investigation; and

h.  intentionally misrepresenting the results of the investigation to Plaintiff in an effort to induce Plaintiff into accepting an amount less than she was entitled to under the terms and conditions of the Policy.

18. The conduct of the AAA Defendants, as set forth above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

19. As a direct result of the AAA Defendants' bad faith, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongfully denied and/or underpaid. Said actions resulted in additional profits and financial windfall for the AAA Defendants.

20. The AAA Defendants enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiff.

21. As a result of the AAA Defendants' bad faith, Plaintiff has sustained damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of attorney fees, costs and interest.

22. The AAA Defendants' misconduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000).

WHEREFORE, Plaintiff, Genevieve Braecklein, prays for judgment in her favor and against Defendants, CSAA Insurance Exchange and CSAA Fire & Casualty Insurance Company a/k/a AAA Fire & Casualty Insurance Company, for actual and punitive damages each in an amount in excess of $75,000, attorney's fees, costs, interest and all other relief the Court deems reasonable and just.

/s/    Daniel C. Hays
Robert Todd Goolsby, OBA # 12676
James L. Gibbs, II, OBA # 15689
Daniel C. Hays, OBA # 30101
Goolsby, Proctor, Heefner & Gibbs, P.C.
701 N. Broadway Avenue, Suite 400
Oklahoma City, OK 73102
Telephone:   (405) 524-2400
Facsimile:   (405) 525-6004
Email:       tgoolsby@gphglaw.com
             jgibbs@gphglaw.com
             dhays@gphglaw.com
*Attorneys for Plaintiff*

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**